ESCROW AGREEMENT

ESCROW AGREEMENT entered into this __3rd__ day of __March__, 2005, among Benjamin Espinoza (herein "Surety"), Michael J. Sullivan, in his official capacity as United States Attorney for the District of Massachusetts (herein "United States Attorney"), and Tony Anastas, in his official capacity as Clerk of the United States District Court for the District of Massachusetts (herein: "Escrow Agent").

WHEREAS the Sureties are desirous of effecting the release of Benjamin Espinoza, (herein: "Defendant") in Criminal No. 05m-1014-JGD, on terms and conditions set forth in an Order dated February 11, 2005 and entered by the Honorable Judith Dein, United States Magistrate Judge, and have agreed to execute a personal bond in the amount of Twenty-Five Thousand Dollars ($25,000.00) to secure the Defendant's complicance with the terms and conditions of the Bail Order.

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereto agree as follows:

1. The Sureties shall execute a quitclaim deed to the parcel or real property located at 2818 Kingston St., Dallas, TX 75211 in favor of the United States of America, and deliver said deed to the Escrow Agent to be held in escrow pursuant to the terms of this Agreement.

2. The Sureties further agree to execute any additional documents and take any action necessary to effectuate the transfer of said parcel of real property and facilitate the sale of such property in the event that the Defendant is in default of the terms and conditions of the Bail Order or Personal Bond.

3. The Escrow Agent shall hold the quitclaim deed in escrow under the following terms and conditions:

    A. In the event that the Defendant fails to appear as required at all proceedings in Criminal No. 05m-1014-JGD or otherwise violates any condition of bail, and Defendant is declared to be in default by a judicial officer of the United States District Court for the District of Massachusetts, then, upon order of the Court, and in lieu

of or in addition to foreclosure proceedings on any mortgage granted by the Surety, the Escrow Agent shall tender the quitclaim deed to the United States Attorney, and he shall cause the same to be immediately recorded without notice to the Surety. Any requirement that the Surety in connection with Criminal No. 05m-1014-JGD is expressly waived by the Sureties.

   B.   This Agreement shall terminate upon the final disposition of Criminal No. 05m-1014-JGD and written discharge of the bond provided to the Surety by the United States of America. Upon such termination, and upon order of the Court, the Escrow Agent shall deliver the quitclaim deed to the Surety.

4.   The validity and construction of this Agreement shall be governed by the law of the Commonwealth of Massachusetts.

5.   This Escrow Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors, assigns and personal representatives.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the date first written above.

ESCROW AGENT:                                SURETY:

TONY ANASTAS, CLERK OF COURT

By: _____                   _Benjamin Espinoza_
      Deputy Clerk                           Benjamin Espinoza

                                             _Victoria Espinoza_
MICHAEL J. SULLIVAN,                         Victoria Espinoza
UNITED STATES ATTORNEY

By: _____
      Asst. U.S. Attorney

                         STATE OF TEXAS
                                         3/3         , 2004
   Then personally appeared before me _Benjamin Espinoza_
and _Victoria Espinoza_   and acknowledged the foregoing to be his and her free act and deed, respectively.

                                   _Carol J Newman_
                                   NOTARY PUBLIC

         commission expires: __11/08/2006__


CAROL J. NEWMAN
MY COMMISSION EXPIRES
November 08, 2006