```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

                                CRIMINAL NO. 05-10600-MCL
_____
                              )
UNITED STATES OF AMERICA      )
                              )
v.                            )
                              )
BENJAMIN ESPINOZA             )
_____)
```

## MOTION FOR DISCOVERY OF EXCULPATORY EVIDENCE

Pursuant to Rule 16(a)(1)(E)(i) of the Federal Rules of Criminal Procedure, the defendant Benjamin Espinoza respectfully requests this Honorable Court to order the government to produce to him exculpatory evidence, to wit: all material, information, and documents within the government's possession, custody or control that are responsive to request nos. 2(b), 2(d), and 3(a) in the defendant's discovery letter dated May 20, 2005. The defendant states the following grounds in support of this motion:

    1.   In his discovery letter, the defendant made two requested designed to lead him to potential defense witnesses. These requests read as follows:

       2(b)  any documents generated in the processing of Ambrosio Villareal at or around the time when he was detained, taken into custody, or held for any period of time in connection with this matter; and

      2(d) all documents containing the last known address/es of any and all persons alleged to have been passenger/s on the van. . .

      2.    Ambrosio Villareal was the driver of the van at the time Agent Fitzpatrick followed and then approached the van.  He was apparently detained but not arrested or charged in this matter.  He was present in the van at the time when Agent Fitzpatrick questioned Mr. Espinoza.  He may have information that is favorable to the defense.  The government has access to his contact information, and that information would be reflected in his processing papers.  Likewise, if the government is in possession of the addresses of any of the passengers in the van, those persons are also potential defense witnesses.

      3.    At the hearing on probable cause and detention, DEA Agent Glen Fitzpatrick testified that he noticed the van driven by Mr. Espinoza because of its size and because it was from Texas.  He further testified that he checked the license plate with Texas authorities and learned that the owner was Jesus Zendejas.  Agent Fitzpatrick further testified that Jesus Zendejas had been involved in a prior "alien smuggling" case in Massachusetts that occurred in or around September, 2004.  Mr. Zendejas is the owner of Mi Tierra, the company for which Mr. Espinoza was working on the day of his arrest.  It was the van's connection with Mr. Zendejas, and Mr. Zendejas' alleged connection with an unidentified September, 2004 alien smuggling

case, that caused Agent Fitzpatrick to follow the van and question the persons inside it.

    4.   Defense counsel has made efforts to learn whether, in fact, Mr. Zendejas had ever been involved in any alien smuggling case in Massachusetts. These efforts, which have included but are not limited to, conversations with counsel for Mi Tierra, have yielded no information about any such case.

    5.   Unable to verify the existence of this alleged prior case involving Mi Tierra, defense counsel requested it from the government in discovery. In item 3(a) of the defendant's discovery letter, the defendant requested the following:

> Case information concerning any "alien smuggling" case with which the government believes that Jesus Zendejas had any connection. The information sought includes, but is not limited to: the case name, docket number, and the nature of the connection between Mr. Zendejas and the case. If the government claims that Mr. Zendejas owned a vehicle that was used in that matter, please identify the vehicle by model, make, year, and license plate number.

By letter dated June 3, 2005, the government responded to the above requests as follows: "[t]he government opposes disclosure of the materials sought at items 2(b) and (d) as beyond the scope of discovery. Regarding request 3(a), the letter stated, "[t]he government is aware of no exculpatory material of the sorts described in this request. The government accordingly opposes the request as seeking information, such as statements of persons other than himself, beyond the scope of discovery."

4. If there was no "alien smuggling" case in Massachusetts involving Mr. Zendejas, Mi Tierra, or a vehicle owned by Mr. Zendejas in or around September, 2004, then I.C.E. Agent Glen Fitzpatrick's testimony at the probable cause and detention hearing was, at best, misleading. The non-existence of such a case is material to the preparation of the defense, as it may provide the basis for a motion to suppress, and/or the basis on which to impeach Agent Fitzpatrick at trial.

WHEREFORE, the defendant, Benjamin Espinoza, respectfully requests this Honorable Court to order the government to provide defense counsel with the information, material, and documents sought in defendant's requests numbered 2(b), 2(d), and 3(a).

Respectfully submitted,

BENJAMIN ESPINOZA
By his Attorney,

 /s/Leslie Feldman-Rumpler
Leslie Feldman-Rumpler, Esq.
BBO # 555792
101 Tremont Street, Ste. 708
Boston, MA 02108
(617) 728-9944

CERTIFICATE OF SERVICE

I, Leslie Feldman-Rumpler, hereby certify that I have caused a copy of the within document to be transmitted electronically to AUSA Robert Richardson this day.

| 6/21/2005 | /s/Leslie Feldman-Rumpler |
|---|---|
| Date | Leslie Feldman-Rumpler, Esq. |