```
                                    UNITED STATES DISTRICT
                                    COURT
           DISTRICT OF MASSACHUSETTS

                                    CRIMINAL NO. 05-10600-MCL
_____
                            )
UNITED STATES OF AMERICA    )
                            )
v.                          )
                            )
BENJAMIN ESPINOZA           )
_____)
```

MEMORANDUM IN SUPPORT OF MOTION FOR DISCOVERY
OF EXCULPATORY EVIDENCE

The Defendant, Benjamin Espinoza, hereby submits this Memorandum of Law in further support of his motion for discovery with respect to his request number 3(a).

ISSUES PRESENTED

1.   Whether identifying case information, or the lack of such information, is material to the preparation of the defendant's case, and therefore subject to discovery under F.R.Crim.P. Rule 16(a)(1)(E)(i), or

2.   Whether such information or the lack thereof constitutes exculpatory evidence, subject to discovery under U.S. v. Giglio, 405 U.S. 150 (1972).

FACTUAL BACKGROUND

On February 8, 2005, a hearing was held on probable cause and detention, at which Immigration and Customs Enforcement (ICE) agent Glen Fitzpatrick testified. His testimony was, in relevant part, as follows. On the date of

Mr. Espinoza's arrest, Agent Fitzpatrick was driving alone on Route 93 north when he noticed a fifteen passenger van with Texas plates. Having seen other similar vehicles from Texas that had carried undocumented aliens, he contacted Texas authorities and learned that the van was registered to a man named Jesus Zendejas, owner of a company called Mi Tierra. Because another van owned by Mr. Zendejas had been involved in an "alien smuggling" case in Massachusetts in September of 2004, Agent Fitzpatrick followed the van. Ultimately, he questioned the driver, Mr. Espinoza, and the passengers, leading to the arrest of Mr. Espinoza, the search of the van and the seizure of some papers from the van.

On June 10, 2005, defense counsel reviewed the materials made available by the government, which included documents relating to the passengers on the van in this case. During that review, counsel spoke with Agent Fitzpatrick, who stated that he had not interviewed the passengers regarding the defendant or this case, and therefore there were no witness statements.

Defense counsel has also conducted some investigation in order to determine whether in fact it is true that a van owned by Mr. Zendejas was involved in a September 2004 alien smuggling case. Counsel has been unable to verify the

existence of any such case, and has some indication to the contrary: that no such case exists.[1]

ARGUMENT

I.  THE NON-EXISTENCE OF THE SEPTEMBER 2004 MI TIERRA ALIEN SMUGGLING CASE MAY PROVIDE THE DEFENDANT WITH GROUNDS FOR A MOTION TO SUPPRESS.

According to Agent Fitzpatrick's testimony, the link between the van, Mr. Zendejas, and the September 2004 alien smuggling case were the grounds for his suspicion that the van in which he found Mr. Espinoza was carrying undocumented aliens.  It was because of this that he made the decision to follow the van and questions the persons inside.  A search of the van, seizure of papers, and the arrest of Mr. Espinoza, followed.

If in fact there was no alien smuggling case originating in or around September 2004 that in any way involved Mi Tierra, Mr. Zendejas, or any vehicle owned by Mr. Zendejas, then a question arises whether the size of the van and the state in which it was registered provided reasonable suspicion for the stop, interrogation, and search

---

[1] Defense counsel inquired of counsel for Mi Tierra in Dallas as to whether any vehicles owned by Mr. Zendejas or Mi Tierra had been involved or allegedly involved in any such case prior to the instant matter. Counsel, after internal inquiry, responded that had been no such case, and that the only incident involving such a vehicle was one in which a Mi Tierra employee had been stopped by police in Massachusetts and had given false information about himself and/or his own license or identification. That incident did not involve any passengers.

that followed.

II. THE NON-EXISTENCE OF THE SEPTEMBER 2004 CASE WOULD BE EXCULPATORY EVIDENCE SUBJECT TO DISCOVERY, AS IT WOULD PROVIDE THE DEFENDANT WITH MATERIAL THAT WOULD CAST DOUBT ON THE CREDIBILITY OF ICE AGENT GLEN FITZPATRICK, THE GOVERNMENT'S KEY WITNESS IN THIS CASE.

F.R.Crim.P. Rule 16(a)(1)(E) provides, in relevant part, that "[u]pon a defendant's request, the government must permit the defendant to inspect and copy . . . data . . .if the item is within the government's possession, custody, or control, and (iii) the item is material to preparing the defense. . . "  Rule 16(a)(1)(E).  The U.S. Supreme Court has interpreted materiality to the defendant's case to mean evidence that will assist the defendant in rebutting the government's case-in-chief. U.S. v. Armstrong, 517 U.S. 456 (1996).

In United States v. Giglio, the U.S. Supreme Court held that the defendant was denied due process by virtue of the government's failure to disclose that it had promised not to prosecute its key witness.  United States v. Giglio, 405 U.S. 150 (1972).  This promise was impeachment material, relevant to the defendant's defense, and therefore the government had an obligation to disclose it prior to trial. See also, Napue v. Illinois, 360 U.S. 264 (1959). Information that may be used for impeachment of a government witness is particularly material where the witness in

question is the government's sole or key witness at trial. Giglio, supra.

 Here, ICE Agent Fitzpatrick appears to be the government's key witness. A challenge to his credibility may therefore be central to Mr. Espinoza's defense. Absent the discovery order sought in this motion, the prior testimony of Agent Fitzpatrick will go untested, and the defendant's trial preparation will be hampered and his due process rights violated.

 WHEREFORE, the defendant, Benjamin Espinoza, respectfully requests this Honorable Court to order the government to provide the defendant with the information, material, and documents sought in requests 2(b), 2(d), and 3(a) of the defendant's discovery letter.

       Respectfully submitted,

       BENJAMIN ESPINOZA

       By his Attorney,

       _s/Leslie Feldman-Rumpler/_
       Leslie Feldman-Rumpler, Esq.
       BBO # 555792
       101 Tremont Street, Ste. 708
       Boston, MA 02108
       (617) 728-9944

CERTIFICATE OF SERVICE

    I, Leslie Feldman-Rumpler, hereby certify that I have caused a copy of the within document to be transmitted electronically to AUSA Robert Richardson this day.

| 6/21/2005 | /s/Leslie Feldman-Rumpler |
|---|---|
| Date | Leslie Feldman-Rumpler, Esq. |