UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.     ) | CRIMINAL NO. 05-10060-RCL |
| ) | |
| **BENJAMIN ESPINOZA** ) | |

**OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY**

The defendant has moved for an order requiring the government to produce three categories of "evidence" that the defendant claims are exculpatory:

   1) Any documents generated in the processing of Ambrosio Villareal at or around the time when he was detained, taken into custody, or held for any period of time in connection with this matter;

   2) All documents containing the last known address/es of any and all persons alleged to have been passengers in the van; and

   3) Case information concerning any "alien smuggling" case with which the government believes that Jesus Zendejas had any connection.  The information sought includes, but is not limited to: the case name, docket number, and the nature of the connections between Mr. Zendejas and the case.  If the government claims that Mr. Zendejas owned a vehicle that was used in that matter, please identify the vehicle by model, make, year, and license plate number.

   Because none of the requested information is either exculpatory or otherwise discoverable, the defendant's motion should be denied.

**ARGUMENT**

   As to the first two categories of information sought, the defendant, in his motion, proffers the following:

   Ambrosio Villareal was the driver of the van at the time Agent Fitzpatrick followed and then approached the van.  He was apparently detained but not arrested or charged in this

>matter.  He was present in the van at the time when Agent
>Fitzpatrick questioned Mr. Espinoza.  He may have
>information that is favorable to the defense.  The
>government has access to his contact information, and that
>information would be reflected in his processing papers.
>Likewise, if the government is in possession of the
>addresses of any of the passengers in the van, those persons
>are also potential defense witnesses.

Motion ¶ 2.  The defendant's memorandum in support of his motion adds only that the government made available to counsel for the defendant documents relating to the passengers in the van, and that counsel was told that the passengers were not interviewed regarding the defendant and that therefore there were no witness statements.  Defendant's Memorandum at 2.

By providing the defendant with discovery regarding the passengers in the van, the government has already given the defendant discovery beyond that to which he is entitled.  Despite the extremely broad wording of his request for information regarding Villareal, the defendant's motion papers reveal that, at bottom, he is seeking address and other contact information regarding Villareal and the passengers.  But the defendant has offered only the conclusory assertion that Villareal "*may* have information that is favorable to the defense" (emphasis added) in support of his claim that he is entitled to such information.  Absent some affirmative showing that such is the case, there is no basis for finding that information as to the whereabouts of Villareal and/or the passengers is exculpatory.

Absent a showing that the information is exculpatory, there

2

is nothing either in the Constitution or in Rule 16 that entitles the defendant even to the names of witnesses, let alone their addresses and other contact information.  See, e.g., United States v. Moore, 936 F.2d 1508, 1514-15 (7th Cir. 1991); Fed. R. Crim. P. 16.  Further, without something more than conclusory claims that information from these sources "may be favorable" or that they are "potential" defense witnesses, the defendant has failed to make a prima facie showing of materiality that arguably might otherwise entitle him to this information.  See United States v. Carrasquillo-Plaza, 873 F.2d 10, 12-13 (1st Cir. 1989).

    With respect to the third category of requested information at issue – essentially, "case information" concerning any alien smuggling case with which the government believes Jesus Zendejas had any connection – the government respectfully suggests that counsel's memory of testimony at the defendant's detention hearing is mistaken.  Counsel suggests that ICE Special Agent Fitzpatrick testified that the van he was following on February 7, 2005 proved to be registered to Zendejas, and that "another van owned by Mr. Zendejas had been involved in an 'alien smuggling' case in Massachusetts in September of 2004 . . . ."  Defendant's Memorandum at 2.  The government's recollection, however, is that Special Agent Fitzpatrick testified that the name under which the van was registered had come up in an earlier investigation, and not that a van involved in an earlier case had

been registered to this person.[1]  The defendant accordingly has provided the Court with no basis from which to conclude that Special Agent Fitzpatrick's testimony was inaccurate, and certainly has provided the Court with no basis for requiring the government to disclose information regarding an uncharged investigation.

In addition to being mistaken as to the facts, the defendant's arguments in favor of disclosure are also without merit.  The defendant claims that, assuming the nonexistence of a September 2004 alien smuggling case involving Zendejas or his company, "a question arises whether the size of the van and the state in which it was registered provided reasonable suspicion for the stop, interrogation, and search that followed." Defendant's Memorandum at 3-4.  Thus, according to the defendant, the requested information may provide the defendant with grounds for a motion to suppress evidence.  But, as the Court will recall from the detention hearing, there was no "stop"; instead, Special Agent Fitzpatrick approached the van after it had come to a stop on its own and engaged in conversation with the occupants.  The Seventh Circuit has held that an officer's approach and questioning of a driver who has voluntarily stopped a vehicle is

---

[1] Special Agent Fitzpatrick may also have provided additional details regarding how the name arose in the context of this other investigation, but the government does not believe it had anything to do with another vehicle.

not a seizure under the Fourth Amendment.  United States v. Hendricks, 319 F.3d 993 (7th Cir. 2003).  Thus, whether Special Agent Fitzpatrick would have had "reasonable suspicion" to effect a car stop is immaterial.

The defendant also suggests that, if Special Agent Fitzpatrick's testimony was incorrect, this may be grounds for impeaching his testimony at trial.  Defendant's Memorandum at 4-5, citing United States v. Giglio, 405 U.S. 150 (1972), and Napue v. Illinois, 360 U.S. 264 (1959).  But, under the Local Rules of this Court, a defendant is not entitled to information "that tends to cast doubt on the credibility or accuracy of any witness" until 21 days before trial.  LR 116.2(B)(2)(a).  This timing is consistent with the Supreme Court's relatively recent decision in United States v. Ruiz, 536 U.S. 622 (2002), in which the Court reversed a Ninth Circuit decision that material impeachment information must be provided before the government enters a binding plea agreement with a criminal defendant.  536 U.S. at 633.  In reversing the Ninth Circuit, the Supreme Court observed that impeachment information is special in relation to the fairness of a trial.  536 U.S. at 622.  Thus, under both the rules of this Court and relevant Supreme Court precedent, the defendant's claim that he is entitled to disclosure of potential impeachment material at this juncture is without merit.

**CONCLUSION**

For the foregoing reasons, the defendant's motion to compel the production of certain categories of information should be denied.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                            By:  /s/Robert E. Richardson
                                  ROBERT E. RICHARDSON
                                  Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

Suffolk, ss.:                          Boston, Massachusetts
                                      July 5, 2005

I, Robert E. Richardson, hereby certify that I caused a true and correct copy of the foregoing to be served by electronic filing this date on Leslie Feldman-Rumpler, Esq., counsel or record for the defendant.

                                        /s/ Robert E. Richardson
                                        ROBERT E. RICHARDSON