UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-10600-MCL

```
_____
                              )
UNITED STATES OF AMERICA      )
                              )
v.                            )
                              )
BENJAMIN ESPINOZA             )
_____)
```

DEFENDANT'S OBJECTION TO
MAGISTRATE'S ORDER ON DISCOVERY

Pursuant to Rule 2(b) of the Rules for Magistrate Judges in the United States District Court for the District of Massachusetts, the defendant Benjamin Espinoza respectfully objects to that portion of the order entered on July 20, 2005 that denies defendant's request for discovery of information concerning any criminal case in which Jesus Zendejas was a defendant.

The discovery request was for information that would be exculpatory by virtue of providing a basis for impeachment of a government witness and also potentially support for a defense motion to suppress. The basis of the request was that I.C.E. Special Agent Glen Fitzpatrick had testified at the hearing on detention/probable cause that the name of the owner of the van in which the defendant was arrested, one Jesus Zendejas, had come up

in another "criminal case" as a "defendant."[1]  Defense counsel had made efforts to verify the existence of such a case, and had not been able to do so.  The defendant's position is that the non-existence of such a case would constitute exculpatory evidence.

The government represented to the Court that Special Agent Fitzpatrick had not been referring to an indicted or charged criminal case when he said "criminal case," suggesting instead that he was referring to an investigation.

The Magistrate accepted the government's representation as to what the agent meant by his testimony, and declined to order the discovery requested.

The defendant objects to this ruling for the following reason.  The agent's testimony referred to a "criminal case," in which Jesus Zendejas' name came up as a "defendant."  If in fact there was never a criminal case in which Mr. Zendejas was a defendant, then that fact casts doubt on the veracity of Special Agent Fitzpatrick's prior testimony in this matter.  Defense counsel is entitled to discover the information needed to present that issue at trial and it is the role of the jury to decide whether to believe that Special Agent Fitzpatrick meant "investigation" when he said "criminal case."  The Magistrate's

---

[1] There is no transcript of the prior testimony, but defense counsel filed an affidavit, quoting the relevant portion of the testimony. At argument, ASUA Richardson stated that he had not been able to hear the word, "defendant" on the recording, but that he did hear a three-syllable word. It appears that the Magitrate accepted the testimony as quoted in defendant's affidavit.

ruling deprives the defendant of the opportunity to make that argument, by accepting the representation of the prosecutor as to what the government's witness meant in his prior, now challenged testimony. The ruling denies the defendant his right, guaranteed under the Fifth Amendment to the United States Constitution, to confront and cross-examine the witnesses against him.

                                Respectfully submitted,

                                BENJAMIN ESPINOZA
                                By his Attorney,

                                _/s/ Leslie Feldman-Rumpler_
                                Leslie Feldman-Rumpler, Esq.
                                BBO # 555792
                                101 Tremont Street, Ste. 708
                                Boston, MA 02108
                                (617) 728-9944

## CERTIFICATE OF SERVICE

    I, Leslie Feldman-Rumpler, hereby certify that I have caused a copy of the within document to be served electronically upon AUSA Robert Richardson.

| August 3, 2005 | /s/ Leslie Feldman-Rumpler |
|---|---|
| Date | Leslie Feldman-Rumpler, Esq. |