UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**       )
                                   )
          v.                       )CRIMINAL NO. 05-10060-RCL
                                   )
**BENJAMIN ESPINOZA**              )

### GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE'S ORDER ON DISCOVERY

The defendant has filed an objection to a portion of the Magistrate Judge's order regarding discovery. Specifically, he seeks information concerning "any criminal case in which Jesus Zendejas was a defendant," claiming that, because an ICE agent testified at a hearing that the name of the owner of the van the defendant was arrested in had come up in another "criminal case" as a "defendant," the non-existence of such a case would constitute exculpatory evidence because it would "cast[] doubt on the veracity of [the agent's] prior testimony in this matter." Objection at 1-2.

In opposing this prong of the defendant's discovery motion below, the government's real concern was that the defendant was attempting to obtain discovery regarding an uncharged criminal investigation. See Government Opposition at 4 ("The defendant . . . has provided the Court with no basis from which to conclude that Special Agent Fitzpatrick's testimony was inaccurate, and certainly has provided the Court with no basis for requiring the government to disclose information regarding an uncharged investigation."). The government represented at the argument on

the defendant's motion to the Magistrate Judge that, notwithstanding the use of the term "criminal case" in his testimony, the agent was referring to an investigation. The defendant nonetheless presses his objection here.

This is not the sort of issue that should occupy the time of a District Court Judge. Assuming that the government's understanding is correct that all that the defendant is seeking is whether or not there is a charged criminal case pending in court against this individual, and not information regarding an investigation that has not yet resulted in charges, the government hereby advises the defendant that there is no charged criminal case pending against this individual.

In so doing, the government does note remotely agree that information that purportedly goes to the credibility of a witness is discoverable at this state of the proceedings. As the government pointed out in its initial response filed with the Magistrate Judge, under the Local Rules of this Court, a defendant is not entitled to information "that tends to cast doubt on the credibility or accuracy of any witness" until 21 days before trial. LR 116.2(B)(2)(a). This timing is consistent with the Supreme Court's relatively recent decision in <u>United States v. Ruiz</u>, 536 U.S. 622 (2002), in which the Court reversed a Ninth Circuit decision that material impeachment information must be provided before the government enters a binding plea

agreement with a criminal defendant. 536 U.S. at 633. In reversing the Ninth Circuit, the Supreme Court observed that impeachment information is special in relation to the fairness of a trial. 536 U.S. at 622. Thus, under both the rules of this Court and relevant Supreme Court precedent, the defendant's claim that he is entitled to disclosure of potential impeachment material at this juncture is without merit. The defendant nowhere in his Objection addresses, or even acknowledges the existence of, LR 116.2(B)(2)(A) or Ruiz.

Nor does the government remotely agree that this information is "exculpatory," even in the impeachment sense. Instead, it is in the interest of preserving the time and resources of this Court for significant issues that may arise in this or other cases that the government makes clear that, because it was an investigation to which the agent was referring and not to a charged criminal case, there is no charged criminal case.

## CONCLUSION

For the foregoing reasons, the defendant's Objection should be denied as moot.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/Robert E. Richardson
ROBERT E. RICHARDSON
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

Suffolk, ss.:                           Boston, Massachusetts
                                        August 18, 2005

I, Robert E. Richardson, hereby certify that I caused a true and correct copy of the foregoing to be served by electronic filing this date on Leslie Feldman-Rumpler, Esq., counsel or record for the defendant.

/s/ Robert E. Richardson
ROBERT E. RICHARDSON
